IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Michael E. Hegarty**

Civil Action No. 12-cv-02691-MEH

NOLAN NICHOLS and
TAFFY NICHOLS,

      Plaintiff,

v.

I-FLOW, a Delaware LLC, f/k/a I-Flow Corporation,
DJO, LLC, a Delaware corporation,
DJO GLOBAL, INCORPORATED, a Delaware corporation, f/k/a DJO, Incorporated,

      Defendants.

---

**TRIAL PROCEDURES ORDER**

---

      The following procedures and orders supplement the Federal Rules of Civil Procedure and the local rules of this court. In order to fairly and efficiently try the merits of each case, the following ORDERS apply.

**I.**    **Final Pretrial Conference**

      The Final Pretrial Conference is scheduled in this case for **April 7, 2014**, at **9:30 a.m.** and will take place in Courtroom in Courtroom A501 on the fifth floor of the Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, Colorado.

      The parties shall submit their proposed pretrial order, pursuant to District of Colorado Electronic Case Filing ("ECF") Procedures V.L. **no later than five (5) business days** prior to the pretrial conference. The proposed pretrial order to be submitted to the Magistrate Judge under the ECF Procedures must be submitted in a useable format (i.e., WordPerfect or Word only) and shall be emailed to the Magistrate Judge at *Hegarty_Chambers@cod.uscourts.gov*.

Attorneys and/or pro se parties not participating in ECF shall submit their proposed pretrial order on paper to the Clerk's Office. However, if any party in this case is participating in ECF, it is the responsibility of that party to submit the proposed pretrial order pursuant to the District of Colorado ECF Procedures. All out-of-state counsel shall comply with D.C. Colo. LCivR 83.3C prior to the pretrial conference.

**The parties shall prepare the proposed pretrial order in accordance with the form which may be downloaded from the forms section of the court's website at http://www.cod.uscourts.gov/Forms.aspx. Instructions for downloading are posted in the forms section of the website.**

The parties are further advised that they shall not assume that the court will grant the relief requested in any motion. Failure to appear at a court-ordered conference or to comply with a court-ordered deadline which has not be vacated by court order may result in the imposition of sanctions.

## II.    Trial Preparation Conference

The Trial Preparation Conference will be held on **June 2, 2014**, at **9:30 a.m.** The matters due on or before that date are as follows:

1. Exhibits: The parties are to meet and confer to establish a single exhibit list utilizing numbers. The exhibit list shall be electronically filed under the Court's Electronic Filing Procedures[1] **and** a copy e-mailed as an attachment in WordPerfect or Word format to me at *Hegarty_Chambers@cod.uscourts.gov* **three business days before** the final trial preparation conference. Stipulations as to authenticity and admissibility shall be set forth on the exhibit list.

2. Objections to Exhibits: Each party shall electronically file objections to exhibits under the Court's Electronic Filing Procedures and a copy e-mailed as an attachment in Word or WordPerfect format to me at *Hegarty_Chambers@cod.uscourts.gov* **three business days before** the final trial preparation conference. The objections shall state in a clear and concise fashion the evidentiary grounds for the objection and the legal authority supporting such objection. Two copies of the objections are to be provided at the final trial preparation conference.

3. Witness Lists: At the final trial preparation conference, counsel shall provide their final witness lists (and two copies) with an estimate of each witness' direct

---

[1] *See* the Court's Electronic Case Filing Procedures, Civil Case, Version 4.0, § V, which may be accessed on the Court's website.

        examination testimony time. Each witness designated shall be counsel's representation, upon which opposing counsel can rely, that the witness will be present and available for testimony at trial. Of course, either party is not *required* to call a particular witness; listing the witness only assures their availability.

4. <u>Deposition testimony</u>. In the event deposition testimony will be used, opposing counsel must be given notice of each page and line intended to be used **ten business days prior** to the final trial preparation conference. Opposing counsel may then cross-designate testimony. The parties will meet and confer regarding the method of designating testimony so that it can be efficiently presented at trial. Any objections to the testimony must be marked on a copy of the transcript and provided to the court **three business days before** the final trial preparation conference. Objections to deposition testimony will be ruled on prior to trial.

5. <u>Motions in limine</u>: Motions in limine are to be electronically filed under the Court's Electronic Filing Procedures and a copy e-mailed as an attachment in WordPerfect or Word format to me at *Hegarty_Chambers@cod.uscourts.gov* no later than **twenty calendar days** before the final trial preparation conference. Responses to motions in limine shall be so filed and e-mailed **five business days** before the final trial preparation conference.

6. <u>Trial Briefs</u>: Trial briefs shall be filed at or before the final trial preparation conference. Trial briefs are limited to 20 pages. Parties are free to include evidentiary issues as well as the substantive law governing the case.

7. <u>Proposed Voir Dire</u>: As the Court has noted, the parties will be permitted approximately 15 minutes each for voir dire. In order to make this aspect of the trial more efficient, proposed voir dire questions that the Court will ask shall be filed electronically under the Court's Electronic Filing Procedures and a copy e-mailed as an attachment in WordPerfect or Word format to me at *Hegarty_Chambers@cod.uscourts.gov* **on or before** the date of the final trial preparation conference.

### III. Prior to Trial

1. <u>Use of courtroom technology</u>: **Thirty days before trial**, counsel shall notify my courtroom deputy, Cathy Coomes, of any need for special accommodation for any attorney, party or witness, any need for technological equipment, such as videoconferencing, or equipment needed for the presentation of evidence using CD-ROM or other electronic presentation of evidence.

       2.      <u>Jury instructions</u>: **TEN DAYS PRIOR TO TRIAL**, proposed instructions and proposed verdict forms shall be filed electronically under the Court's Electronic Filing Procedures and a copy e-mailed as an attachment in WordPerfect or Word format to me at *Hegarty_Chambers@cod.uscourts.gov*. The email attachments shall contain two versions of proposed substantive jury instructions, one <u>with authority</u> and one <u>without authority</u>. These instructions shall be considered "opposed." Counsel shall meet and confer concerning instructions and shall submit, independently and utilizing the deadline and the procedure set forth in this paragraph, a set of stipulated instructions (including, to the extent possible, any preliminary instruction(s) to be read before the commencement of trial; stock instructions; a stipulated facts instruction; and instructions on the substantive law governing the case). Thus, there will be three sets of instructions submitted to the Court: Those stipulated by the parties; instructions proposed by the Plaintiff but opposed by the Defendants; and instructions proposed by the Defendants but opposed by the Plaintiff.

## IV. First Day of Trial

1. Trial is set for fifteen (15) days, to a jury, beginning on **July 7, 2014**, at **9:00 a.m.** in Courtroom A501 on the fifth floor of the Alfred A. Arraj United States Courthouse located at 901 19th Street, Denver, Colorado.

2. Provide three copies of witness lists to courtroom deputy and one to opposing counsel.

3. Provide three copies of the exhibit list to the courtroom deputy.

4. Original exhibits, properly marked and tabbed, each exhibit numbered sequentially, each page within an exhibit numbered sequentially, filed in one or more notebooks shall be given to the courtroom deputy and to the Court. There is no requirement to provide separate notebooks for the jurors, as the parties have represented that exhibits shall be published to the jury by means of the courtroom technology. At the conclusion of trial, the jury will receive the exhibit notebook maintained by the courtroom deputy.

5. Submit an original list of any stipulated facts and two copies.

## V. General Information

1. My courtroom deputy's name is Cathy Coomes, who can be reached at (303) 335-

2089. Any questions concerning exhibits or courtroom equipment may be directed to her. The proceedings will be digitally recorded. Any request for transcripts should be directed to the courtroom deputy. Extraordinary requests, such as for daily copy, should be made at least 30 days in advance of the trial date.

2. My law clerks are Kristina James and Michelle Rosendahl and can be reached at (303) 844-4507.

3. In jury trials, instructions are given after closing arguments. Copies of written instructions will be given to the jury for its deliberations.

Dated at Denver, Colorado this 19th day of December, 2012.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge